IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BILLY'S CONSTRUCTION, INC. d/b/a BILL MACE HOMES, BILL MACE, individually and KENNETH FOOTE, individually,<br><br>Defendants. | Case No. _____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF

Nason Homes, LLC ("Nason") files this Complaint against Defendants Billy's Construction, Inc. d/b/a Bill Mace Homes ("Defendant Mace Homes"), Bill Mace, individually ("Defendant Mace"), and Kenneth Foote, individually ("Defendant Foote"), stating as follows:

### I.  Introduction

1.

Nason is a residential home construction company based in the State of Georgia, which builds homes there and also in the State of Tennessee. Stuart Beattie, the owner of

Nason, has had a long-standing interest in real estate and architecture. As such, Mr. Beattie enjoys working with architects to design homes and then, through Nason, building them. Mr. Beattie takes a great deal of pride in his work and has developed a reputation in Georgia and Tennessee for construction excellence.

2.

One such architect with whom Nason has hired from time to time is John Hemlick of Builders Plan Service LLC. One of the house plans created by Mr. Hemlick on behalf of Nason is The Alder. Pursuant to an agreement between Nason and Mr. Hemlick, Mr. Hemlick assigned the copyright in The Alder to Nason. As such, Nason owns United States Copyright Registration No. VA0001888774 for the "Alder Plan."

3.

Defendants' infringement, to Nason's knowledge, began when Defendant Foote procured the Alder Plan, provided it to Defendant Mace Homes and Defendant Mace, encouraged them to build it, and promised to find a buyer for the knock-off house ("The Infringing House").

4.

Defendant Mace Homes and Defendant Mace, did in fact, knowingly build a knock-off home of the Alder Plan.

5.

The Infringing House is virtually a replica of the Alder Plan, thereby infringing Nason's copyright.

## II. Parties

6.

Nason is a Georgia limited liability company engaged in the business of residential home construction with its principal office in Eatonton, Georgia. Nason builds many houses in the State of Tennessee.

7.

Defendant Mace Homes is a Tennessee corporation with its principal office at 1919 Tiny Town Road, Suite 100, Clarksville, Tennessee 37042 and can be served with process at 1919 Tiny Town Road, Suite 100, Clarksville, Tennessee 37042.

8.

Defendant Mace is the owner and registered agent of Bill Mace Homes and an individual resident of Montgomery County. Plaintiff believes he can be served at his place of business at 1919 Tiny Town Road, Suite 100, Clarksville, Tennessee 37042.

9.

Defendant Foote is a realtor and an individual resident of Montgomery County and can be served at 602 Edinburgh Way, Clarksville, Tennessee 37043.

3

### III. Subject Matter Jurisdiction

10.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are residents of different states and the amount in controversy in this case exceeds the sum or value of $75,000.00.

11.

This Court also has federal question subject matter jurisdiction because this is an action for copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter the "Copyright Act").

### IV. Personal Jurisdiction

12.

This Court has personal jurisdiction over Defendant Mace Homes because it is a corporation organized and existing under the laws to the State of Tennessee and because it is located in Tennessee and conducts, and at all times relevant hereto has conducted, business within this judicial district. Furthermore, the Infringing House at issue was built within this judicial district.

4

13.

This Court has personal jurisdiction over Defendant Mace because he is, and all times relevant hereto has been, a resident and citizen of the State of Tennessee. Also, the Infringing House at issue was built within this judicial district.

14.

This Court has personal jurisdiction over Defendant Foote because he is, and all times relevant hereto has been, a resident and citizen of the State of Tennessee. Also, the Infringing House at issue was built within this judicial district.

### V. Venue

15.

Venue is proper in this judicial district under 28 U.S.C.A. § 1391(a)(2) and 1391(b)(2) because all or a substantial part of the events giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district under 28 U.S.C.A § 1400(a) because the Defendants either reside in this district or may be found in this district.

## VI. Facts Applicable To All Claims

16.

In 2012, Nason hired an architect, John Hemlick of Builders Plan Service LLC, to design a number of residential houses, which Nason would later build. One of the houses designed by Mr. Hemlick, on behalf of Nason, is The Alder.

17.

Pursuant to the agreement between Nason and Mr. Hemlick, Mr. Hemlick assigned his copyrights in The Alder to Nason. A true and correct copy of this Assignment Agreement is attached as Exhibit A.

18.

As such, Nason owns a United States Copyright Registration No. VA0001888774 covering The Alder ("Registration"). This registered work is referred to herein as the "Alder Plan." A true and correct copy of this Registration and its deposit is attached as Exhibit B.

19.

This dispute arose out of Defendants' collective infringement of the Alder Plan when Defendant Mace Homes and Defendant Mace built a home located at 3168 Porter Hills Drive, Clarksville, Tennessee (Parcel ID 082J-D-03800-0D005082J; Zone R-1A; Lot 12) (the "Infringing House"). Defendant Foote encouraged the building of this

6

particular floor plan knowing it was a knock-off of Nason's Alder Plan. Also, Defendant Foote listed the knock-off home for sale.

20.

Nason became aware of the Infringing House being built in Clarksville, Tennessee that is a knock-off of the Alder Plan.

21.

Nason believes Defendant Foote, a realtor, requested a copy of the Alder Plan from Nason's realtor. When Nason's realtor refused to provide it, Defendant Foote said he would "copy it anyway" and gave it to Defendant Mace Homes and Defendant Mace, who then used it to build a knock-off house. Pictures of the Infringing House, to the extent it was built in January 2014, are attached hereto as Exhibit C.

22.

Defendant Foote also promised Defendant Mace Homes and Defendant Mace that Defendant Foote would find a buyer for the Infringing House.

23.

The Infringing House is virtually an exact replica of the Alder Plan.

7

24.

Details of the fireplace in the Infringing House are telling. Construction norms in the State of Georgia–where Nason is based and where it builds many homes–is for installation of gas fireplaces for homes in Georgia. The norm in the State of Tennessee, though, is for wood-burning fireplaces. The Alder Plan calls for a gas fireplace (since, at the time, Nason was primarily building in Georgia), which is exactly what Defendants included in their Infringing House, even though the norm in Tennessee is for wood-burning fireplaces.

25.

Another immaterial difference is that the Alder Plan calls for some vaulted ceilings, while those ceilings in the Infringing House are flat.

26.

The only other difference between the Alder Plan and the Infringing House is the roof – the Alder Plan calls for 8/12-pitch from the front to the back and 10/12-pitch on the sides, whereas the Infringing House was built with 8/12-pitch all the way around. This was probably a construction error by Defendants.

27.

Defendant Foote subsequently listed the Infringing House for sale, in addition to being, to Nason's knowledge, the procuring cause of the use of Nason's Alder Plan.

8

Pictures of Defendant Foote's realtor signs on the property of the Infringing House are attached hereto as Exhibit D.

## VII. Claims

### Count I – Infringement of Plaintiff's Copyright
### (17 U.S.C. § 501(b))

28.

Nason incorporates into Count I, the preceding and subsequent Paragraphs with the same force and effect as if again set forth fully herein.

29.

Nason owns the valid copyright and registration which protects the Alder Plan.

30.

Nason's Alder Plan incorporates elements of expression that are creative and original to Nason.

31.

Nason's Alder Plan also incorporates otherwise unprotectable elements of expression that are selected, arranged, and coordinated in arbitrary, creative, and otherwise ways chosen by Nason.

32.

As discussed above, Defendants Mace Homes and Defendant Mace infringed Nason's copyright by building the Infringing House that is almost an exact replica of the plan in Nason's copyright.

33.

Upon information and belief, Defendant Mace is the only owner of Defendant Mace Homes and therefore, is essentially, the corporation.

34.

Defendant Mace willfully and knowingly and personally participated in the infringing activities and used Defendant Mace Homes to carry out his own deliberate infringement. He also directed Defendant Mace Homes to build the Infringing House.

35.

As stated above, Defendant Foote also infringed Nason's copyright not only by procuring the infringing plan, but also by subsequently listing for sale the Infringing House.

36.

The Infringing House contains expressions that are substantially similar to expressions created by Nason and fixed in the Alder Plan.

10

37.

Nason did not authorize the copying, modifying, distribution, or display by Defendants of Nason's original expression.

38.

Defendants each must disgorge to Nason an amount equal to the sum of Defendants' profits attributable to Defendants' copyright infringement of Nason's Alder Plan. Defendants are also or alternatively liable to Nason for damages based on other measurements, including, but not limited to, statutory damages.

### *Count II – Contributory Copyright Infringement*
### *(as to Defendant Foote)*

39.

Nason incorporates into Count II, the preceding and subsequent Paragraphs with the same force and effect as if again set forth fully herein.

40.

As discussed above, Defendant Foote procured the Alder Plan and provided it to Defendant Mace Homes and Defendant Mace.

41.

Defendant Foote also told Defendant Mace Homes and Defendant Mace to build the Infringing House and that Defendant Foote would find them a buyer and later listed the Infringing House for sale.

11

42.

By virtue of providing the means for its co-Defendants' infringing activity, Defendant Foote had knowledge of his co-Defendants' direct infringement.

43.

Defendant was aware that the Alder Plan was being infringed to build the Infringing House and proceeded to induce, cause, and/or materially contribute to the direct infringement through procuring the Plan for his co-Defendants to use in building the Infringing House.

44.

Defendant Mace Homes and Defendant Mace would not have been able to build the Infringing House without Defendant Foote's procurement of the Alder Plan for them to use.

45.

Defendant Foote's efforts made more than a mere quantitative contribution to its co-Defendants' infringement. His efforts bear a direct relationship to the other Defendants' infringing acts and Defendant Foote acted in concert with the other Defendants to carry out the Infringing House project.

46.

Defendant Foote is liable for contributory copyright infringement of the other Defendants' infringement of the Alder Plan in building the Infringing House.

### Count III – Injunctive Relief Under the Copyright Act

47.

Nason incorporates into Count III, the preceding and subsequent Paragraphs with the same force and effect as if again set forth fully herein.

48.

Defendants replicated Nason's Alder Plan when building the Infringing House.

49.

Defendant Foote infringed Nason's Alder Plan by procuring Alder Plan, working with Defendant Mace Homes and Defendant Mace to build the Infringing House, and by listing the Infringing House for sale, a substantial effort that is directly related to its co-Defendants' infringement.

50.

No adequate remedy at law exists that will prevent the immediate, irreparable harm to Nason that will follow Defendants' further infringement of the Alder Plan, or any of Nason's other copyrighted plans.

51.

No legitimate and protectable interest of Defendants will be harmed if the Court grants the injunctive relief prayed for because Defendants can engage another architect to produce non-infringing designs and drawings for future construction without incorporation of the Alder Plan.

52.

Unauthorized use of Nason's Alder Plan is prohibited under the Copyright Act.

53.

The Copyright Act, 17 U.S.C. § 502 authorizes the relief prayed for by Nason in this cause of action.

54.

Nason is likely to succeed at trial on the merits of its claim.

### VII. Jury Demand

55.

Nason demands a trial by jury for all issues so triable.

### VIII. Prayer for Relief

56.

WHEREFORE, Nason requests the following relief:

(a)     a ruling that all Defendants are liable as alleged herein;

14

(b) an award of statutory damages, Nason's actual damages and Defendants' profits against all Defendants;

(c) an award of its fees and costs pursuant to 17 U.S.C. § 505;

(d) a permanent injunction preventing further infringement of Nason's copyright in the Alder Plan or any of Nason's other copyrighted plans;

(e) award Nason punitive damages against all Defendants for knowingly and deliberately copying Nason's work; and

(g) any other such relief that this Court finds just and proper.

15

Case 3:14-cv-00566   Document 1   Filed 02/24/14   Page 15 of 16 PageID #: 15

Respectfully submitted,

*Rick G. Sanders* (signature)

Richard G. Sanders, Tenn. BPR No. 23875
Aaron & Sanders, PLLC
11 Lea Ave., Suite 606
Nashville, TN 37210
(615) 734–1188
Fax: (615) 250–9807
rick@aaronsanderslaw.com

Of counsel:

**LILENFELD PC**

David M. Lilenfeld
Georgia Bar No. 452399
Attorney for Plaintiff

2970 Peachtree Road, N.W., Suite 530
Atlanta, Georgia 30305
(404) 201-2520 - telephone
(404) 393-9710 - facsimile
david@LilenfeldPC.com

16