**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| NASON HOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-cv-0566 |
| | ) | |
| BILLY'S CONSTRUCTION, INC. | ) | Judge Haynes |
| d/b/a BILL MACE HOMES, BILL | ) | Magistrate Judge Knowles |
| MACE, individually and KENNETH | ) | |
| FOOTE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS BILLY'S CONSTRUCTION, INC.**
**d/b/a BILL MACE HOMES AND BILL MACE'S MOTION TO DISMISS**

## I.      INTRODUCTION

Defendants Billy's Construction, Inc. d/b/a Bill Mace Homes, and Bill Mace individually, (collectively, "Mace Homes")[1] move this Court to dismiss Count I of the Complaint filed by Nason Homes, LLC ("Plaintiff") with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Plaintiff fails to state a claim against Mace Homes under the Copyright Act because it appears from the allegations in the Complaint that there was a fraud committed on the Copyright Office, which renders the certificate of registration incapable of supporting a claim under the Copyright Act.

In the alternative, Plaintiff's claims for statutory damages, attorneys' fees and costs, and punitive damages must be dismissed with prejudice.  Plaintiff's claims for statutory damages and attorneys' fees and costs should be dismissed pursuant to Section 412 of the Copyright Act because construction on the allegedly infringing house had not only commenced, but was near

---

[1] The Complaint alleges that all relevant actions were taken by both the corporation, Billy's Construction, Inc. d/b/a Bill Mace Homes, and Bill Mace, individually.  Defendants deny that Bill Mace is individually liable, but accepts the allegation as true for purposes of this Motion.

completion before Plaintiff attempted to register the copyright. Plaintiff's claim for punitive damages should be dismissed because punitive damages are not an available remedy for claims brought under the Copyright Act.

## II.    FACTS

Plaintiff alleges copyright infringement, under the Copyright Act, of architectural work and seeks statutory damages, Plaintiff's actual damages, Defendants' profits, punitive damages, and attorneys' fees and costs. (Compl. ¶ 56)

According to the Complaint, Plaintiff hired John Hemlick ("Hemlick") to design homes, including the design at issue, called The Alder (the "Alder Plan"). (Compl. ¶ 16) Plaintiff alleges that the Alder Plan was first published on January 20, 2013. (Compl., Exh. B) At some point thereafter, Plaintiff claims that Defendant Foote obtained the Alder Plan, provided it to Mace Homes, and Mace Homes proceeded to build the house according to the Alder Plan. (Compl. ¶ 20)

According to the photographs Plaintiff attached as Exhibit C to its Complaint, it is clear that Mace Homes had built most of the alleged infringing house by sometime in the month of January 2014. (Compl. ¶ 21, Exh. C) On or about January 23, 2014, Plaintiff applied to the United States Copyright Office for a Certificate of Registration ("Certificate") for "architectural work."[2] (Compl. ¶ 18, Exh. B) The Certificate states that Hemlick is the author of the architectural work, but that Plaintiff is the copyright claimant. (*Id.*) The Certificate also states that ownership of the copyrighted work was transferred "[b]y written agreement." (*Id.*)

---

[2] The effective date of the Certificate issued by the Copyright Office is January 23, 2014. (Compl., Exh. B) This is also the date that Plaintiff filed the application and other required materials with the Copyright Office. U.S.C. § 410(d) ("The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights . . . to be acceptable for registration, have all been received by the Copyright Office.").

It is important to note that the written agreement is dated <u>after</u> the Certificate. Specifically, Plaintiff alleges that the written agreement referenced in the Certificate was not executed until February 4, 2014 ("Assignment"). (Compl. ¶ 17, Exh. A)[3] Accordingly, Plaintiff applied to the Copyright Office for a certificate of registration <u>before</u> Plaintiff owned the copyrighted work. Yet, Plaintiff represented to the Copyright Office that it already owned the copyrighted work, by means of <u>written</u> agreement, when it applied for the Certificate. (Compl., Exh. B)

### III.     LAW AND ARGUMENT

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If, however, the factual allegations do not state a claim, the complaint must be dismissed. *Id*. Moreover, "the general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions.'" *Id*. Exhibits attached to a complaint are considered as part of the pleadings for Rule 12(b)(6) purposes. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

---

[3] To be clear, only a careful reading of the Complaint and exhibits reveals that Plaintiff filed the application on January 23, prior to the date that Plaintiff and Hemlick executed the Assignment on February 4, 2014.

3

**A.**  **Plaintiff's application for copyright registration contained willful and deliberate inaccuracies which the Copyright Office relied on and the Certificate is therefore incapable of supporting a claim for copyright infringement under the Copyright Act.**

Copyright registration is a requirement for a copyright holder to maintain an action for copyright infringement. *Cannon Group, Inc. v. Better Bags, Inc.*, 250 F. Supp. 2d 893, 898 (S.D. Ohio 2003) (citing 17 U.S.C. § 411(a)). While a registration certificate creates a rebuttable presumption that the copyright is valid, a showing of fraud on the Copyright Office overcomes that presumption. *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 455 (2d Cir. 1989) (citing *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984)). The elements for establishing fraud on the Copyright Office are (i) the application for copyright registration was factually inaccurate, (ii) the inaccuracies were willful and deliberate, and (iii) the Copyright Office relied on those representations. *Schenck v. Orosz*, No. 3:13-cv-0294, 2013 WL 5963557, at *12 (M.D. Tenn. Nov. 7, 2013). "The knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute reason for holding the registration invalid and thus incapable of supporting an infringement action." *Cannon Group, Inc.*, 250 F. Supp. 2d at 898 (quoting *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980)).

The facts alleged in the Complaint demonstrate fraud and therefore the presumption of validity is rebutted by the facts in the Complaint. As for the first element, the Complaint is clear that the application was factually inaccurate about who owned the materials. Specifically, an applicant for copyright registration must own the copyright. 17 U.S.C. § 408; 37 C.F.R § 202.3. Ownership of a copyright initially vests in the author of the work. 17 U.S.C. § 201. Hemlick was the author of the Alder Plan, and therefore the original owner of the copyright. (Compl. ¶ 16, Exh. B) A transfer of copyright ownership is not valid unless it is in writing and signed by

4

the owner of the copyright. 17 U.S.C. § 204 (a). Thus, under Plaintiff's own allegations, Hemlick owned the copyright to the Alder Plan until the February 4, 2014 Assignment of the copyright to Plaintiff. For this reason, the application contained false information.

Regarding whether the inaccuracy was willful and deliberate, it is clear from the Complaint that Plaintiff knew that it did not own the copyright at the time of filing the application on January 23, 2014. (*See* Compl., Exhs. A, B, including the February 4, 2014 Assignment) Nonetheless, when Plaintiff applied for the Certificate on January 23, 2014, it stated that the Alder Plan had been transferred to it by "written agreement." (Compl., Exh. B) The allegations in the Complaint demonstrate that Plaintiff willfully and deliberately misrepresented its ownership when it identified itself as copyright claimant, and the means of transfer of ownership, of the Alder Plan to the Copyright Office.

As for the third element, the Copyright Office relied on these misrepresentations. Ownership is a requirement to obtain a certificate of registration, and the Copyright Office would have rejected the application had it known that Plaintiff was not the owner. Accordingly, Plaintiff's Certificate is incapable of supporting a claim under the Copyright Act. Therefore, the Court should dismiss Count I of Plaintiff's Complaint with prejudice.

**B.      Plaintiff is not entitled to statutory damages or attorneys' fees and costs because the alleged infringement commenced after first publication of the work and before the effective date of registration.**

Plaintiff's claim for statutory damages fails under the Copyright Act. Pursuant to section 412 of the Copyright Act,

> no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412; *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998) ("Section 412(1), however, leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright.").

According to the Certificate, the Alder Plan was first published on January 20, 2013. (Compl., Exh. B)  According to the allegations in the Complaint, Mace Homes constructed and completed most of the Alder Plan before the photos dated in January 2014.  (Compl. ¶ 21, Exh. C).  The effective date of registration, according to the Certificate, is January 23, 2014.  (Compl., Exh. A).  Thus, from Plaintiff's own allegations, the alleged infringement of the Alder Plan commenced after publication and before the effective date of registration.  The registration also was not made within three months after the first publication of the work.  (Compl., Exh. B) Plaintiff is therefore not entitled to statutory damages or attorneys' fees and costs, and the request must be dismissed with prejudice.

**C.      Plaintiff is not entitled to punitive damages because punitive damages are not available for claims brought under the Copyright Act.**

Punitive damages cannot be awarded in a copyright infringement action brought under the Copyright Act.  *Curcio Webb LLC v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1198 (S.D. Ohio 2005); *see also Viacom Int'l Inc. v. Youtube, Inc.*, 540 F. Supp. 2d 461 (S.D.N.Y. 2008); *Reinicke v. Creative Empire, LLC*, No. 12cv1405, 2013 WL 275900, at *4-5 (S.D. Cal. Jan. 24, 2013); *Calio v. Sofa Express, Inc.*, 368 F. Supp. 2d 1290 (M.D. Fla. 2005); *Buckklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 932 (7th Cir. 2003).   Plaintiff alleges copyright infringement against Mace Homes pursuant to the Copyright Act and therefore cannot be awarded punitive damages.  The Court should dismiss Plaintiff's claim for punitive damages with prejudice.

6

## IV.    CONCLUSION

The Court should dismiss Count I of Plaintiff's Complaint with prejudice because the Certificate was improperly obtained with false information about who owned the materials.   In the alternative, the Court should dismiss Plaintiff's claim for statutory damages and attorneys' fees with prejudice because Plaintiff registered the copyright work after the alleged infringing activity commenced.   Lastly, the Court should dismiss Plaintiff's claim for punitive damages with prejudice because punitive damages are not an available remedy for claims brought under the Copyright Act.

Respectfully submitted,

s/ Lindsay B. Schenk
Robert J. Mendes, #17120 (bmendes@fbtlaw.com)
Lindsay B. Schenk, #29510 (lschenk@fbtlaw.com)
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550
615.251.5551 Fax
*Attorneys for Defendants Billy's Construction, Inc.*
*d/b/a Bill Mace Homes and Bill Mace, individually*

7

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.01, it is hereby certified that service of a true and correct copy of the foregoing has been made upon the following Filing Users through the Electronic Case Filing System on this the 3rd day of April, 2014:

David M. Lilenfeld, Esq.
Sonia Fatima Lakhany, Esq.
Lilenfeld PC
2970 Peachtreet Road, N.W., Suite 530
Atlanta, Georgia 30305
david @lilenfeldpc.com
sonia @lilenfeldpc.com
*Counsel for Plaintiff Nason Homes, LLC*

Richard G. Sanders, Esq.
Aaron & Sanders, PLLC
11 Lea Avenue, Suite 606
Nashville, Tennessee 37210
rick@aaronsanderslaw.com
*Counsel for Plaintiff Nason Homes, LLC*

It is hereby certified that service of a true and correct copy of the foregoing has been made upon the following via first-class U.S. mail, postage-prepaid, on this the 3rd day of April, 2014:

Mr. Kenneth Foote
Keller Williams
2271 Wilma Rudolph Boulevard
Clarksville, Tennessee 37040
*Pro-Se Defendant*

s/ Lindsay B. Schenk
Lindsay B. Schenk

NSHLibrary 0128831.0615474  359898v1

8