EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:14-cv-0566 |
| ) | |
| BILLY'S CONSTRUCTION, INC. ) | Judge Haynes |
| d/b/a BILL MACE HOMES, BILL ) | Magistrate Judge Knowles |
| MACE, individually and KENNETH ) | |
| FOOTE, individually, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS[1]

For their Reply to Plaintiff's *Opposition to Defendants Billy's Construction, Inc. and Bill Mace's Motion to Dismiss* (Docket No. 21) ("Response"), Defendants Billy's Construction, Inc. d/b/a Bill Mace Homes and Bill Mace (collectively, "Mace Homes") state as follows:

### I. INTRODUCTION

In an attempt to salvage its Complaint, Plaintiff tells a story vastly different from that in the Complaint, setting out many new facts. Plaintiff's entirely new story not only amounts to an admission that the Complaint is deficient, but demonstrates the somewhat deceptive (or, at least, incomplete) nature of the Complaint. In considering Mace Homes' Motion to Dismiss, the Court should not consider the new facts in Plaintiff's Response. Further, the Copyright Act clearly prohibits statutory damages and attorneys' fees when the infringing work <u>commenced</u> before the copyright was registered. Despite Plaintiff's new facts related to the progress of construction,

---

[1] According to Local Rule 7.01, Plaintiff's response to the Motion to Dismiss should have been filed within fourteen days of service of the Motion to Dismiss. Specifically, LR 7.01(b) states, "Failure to file a **timely** response shall indicate that there is no opposition to the motion." Mace Homes filed its Motion to Dismiss on April 3, 2014, and Plaintiff's response was due by April 17, 2014. Plaintiff did not file its Opposition to the Motion to Dismiss until April 21, 2014. Thus, if Local Rule 7.01 were enforced, Plaintiff's failure to file a timely response shall indicate that it had no opposition to Mace Homes' Motion to Dismiss.

the Complaint clearly pleads that the alleged infringing acts commenced before the copyright was registered. Finally, Plaintiff again attempts to amend the Complaint in its Response by stating that it was not actually seeking punitive damages, only statutory damages.

## II. ARGUMENT

**A. According to the facts plead in the Complaint, the Plaintiff willfully and deliberately filed a copyright application containing false information, rendering the registration certificate incapable of supporting a claim for copyright infringement.**

Plaintiff's Response includes a multitude of facts not plead in the Complaint. A copy of the Response, with Plaintiff's new facts highlighted, is attached as **Exhibit A**. Based solely on the facts plead in the Complaint and exhibits, fraud on the Copyright Office was committed and the registration certificate ("Certificate") is therefore incapable of supporting an infringement claim under the Copyright Act.[2] In considering a motion to dismiss, the Court is "limited . . . to the facts and legal claims as raised in the pleadings." *Johnson v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 502 Fed. Appx. 523, 541-42 (6th Cir. 2012) (copy attached). A Plaintiff may not amend its Complaint through a response brief to a motion to dismiss. *Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003). A "plaintiff cannot salvage an insufficient complaint by attempting *de facto* amendment of that pleading via a response brief to a motion to dismiss." *Hill v. Ohio State Univ. T&L*, No. 2:12-cv-984, 2013 WL 2354065 at * 4 (S.D. Ohio May 29, 2013) (copy attached).

Plaintiff's Certificate states that the Alder Plan[3] had been transferred to Plaintiff "by written agreement." (Compl., Exh. B) As the author of the Alder Plan, Hemlick was the original owner of the copyright in the Alder Plan. (Compl. ¶ 16, Exh. B); 17 U.S.C. § 201. The

---

[2] Mace Homes does not concede that if Plaintiff amends the Complaint to add new facts that such an amended complaint could survive a motion to dismiss. As is proper at this stage, Mace Homes considers only the facts plead in the Complaint.

[3] In the Complaint, Plaintiff refers to the "The Alder." The Certificate also refers to the architectural work as "The Alder;" however, Plaintiff's Response to Defendant's Motion to Dismiss refers to the construction as "A<u>d</u>ler."

2

Certificate is dated January 23, 2014. (Compl., Exh. B) No written agreement transferring ownership of the copyright in the Alder Plan to Plaintiff existed until February 4, 2014, after Plaintiff applied for the Certificate. (Compl., Exhs. A, B) Accordingly, based on the facts plead in the Complaint, Plaintiff filed an application containing false information.

Indeed, Plaintiff found it necessary to describe an entirely different story behind the transfer of the copyright, providing numerous additional facts in the Response in an attempt to show that fraud was not committed on the Copyright Office. In its Response, Plaintiff attempts to explain that it made an "innocent error" when it stated in the application that the copyright had been transferred "by written agreement." (Response, p. 6) Yet, Plaintiff's Complaint fails to mention any mistake and instead implies that the February 4, 2014 Assignment, attached as Exhibit A to the Complaint, was executed prior to the application for the Certificate, attached as Exhibit B to the Complaint. (Compl. ¶¶ 17, 18; Exhs. A, B)

Plaintiff cites authority for its argument that a written assignment of a copyright could be *nunc pro tunc* to the date of a "prior oral assignment." (Response, pp. 8-9) (citing *Capital Concepts, Inc. v. The Mountain Corp.*, No. 3:11-CV-0036, at * 16 (W.D. Va. Dec. 30, 2012)). Not only does the Complaint fail to plead any prior oral agreement in the Complaint, but the February 4, 2014 Assignment does not state that it memorializes a prior oral agreement. (*See* Compl., Exh. A) In fact, the February 4, 2014 Assignment states, "This Agreement supersedes any prior oral or written agreement or understanding between the Parties." (Compl., Exh. A) The first mention of any prior oral agreement is in the Response. (Response, p. 2)

By adding the new facts and re-telling its story, Plaintiff admits that its Complaint is deficient. Plaintiff cannot amend the deficient Complaint in its Response. The Court should consider only the facts pled in the Complaint. Based on the allegations in the Complaint, fraud

3

was perpetrated on the Copyright Office, and the Certificate cannot support an action for infringement under the Copyright Act.

      **B.    Plaintiff is not entitled to statutory damages or attorneys' fees under the Copyright Act because the alleged infringement commenced prior to registration of the copyright.**

Plaintiff is not entitled to statutory damages or attorneys' fees because, according to the facts alleged in the Complaint, Mace Homes commenced construction of the Alder Plan more than three months after the Alder Plan was first published but before it was a registered copyright. (Compl. ¶ 21, Exhs. B, C) Plaintiff's only defense is to add new facts in the Response: "Essentially only the framing had been completed by January when Nason Homes received its copyright. Until the Sheetrock is installed, there is always the possibility of inexpensive reconstruction." (Response, p. 12) The Court should only consider the allegations and facts of the Complaint and Plaintiff fails to plead any facts pertaining to Sheetrock or reconstruction.

Even if these new facts are considered, they do not change the outcome here. Plaintiff ignores key language in 17 U.S.C. § 412 that prohibits an award of attorneys' fees or statutory damages for "any infringement of copyright **commenced** after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412 (emphasis added). "[I]nfringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998). Even if Mace Homes had only completed the framing, the alleged infringing activity commenced before registration of the copyright – when Mace Homes first began construction of the Alder Plan. Based on its own alleged timing, Plaintiff is not entitled to statutory damages or attorneys' fees.

4

### C. Plaintiff is not entitled to punitive damages because punitive damages are not awarded in actions brought under the Copyright Act.

Any claim for punitive damages should be dismissed because punitive damages are not awarded under the Copyright Act. *Curcio Webb LLC v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1198 (S.D. Ohio 2005); *see also Viacom Int'l Inc. v. Youtube, Inc.*, 540 F. Supp. 2d 461 (S.D.N.Y. 2008); *Reinicke v. Creative Empire, LLC*, No. 12cv1405, 2013 WL 275900, at *4-5 (S.D. Cal. Jan. 24, 2013) (copy attached); *Calio v. Sofa Express, Inc.*, 368 F. Supp. 2d 1290 (M.D. Fla. 2005); *Buckklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 932 (7th Cir. 2003). In its Response, Plaintiff even admits that its request for punitive damages is actually a request for statutory damages under 17 U.S.C. § 504(c).[4] (Response, p. 12) Accordingly, Plaintiff's claim for punitive damages must be dismissed with prejudice.

### III. CONCLUSION

In considering Mace Homes' Motion to Dismiss, the Court should only review the allegations in the Complaint. The law is clear – Plaintiff cannot amend the Complaint by adding facts and allegations in its Response. Based on the facts alleged in the Complaint, fraud was committed on the Copyright Office and the Certificate cannot support Plaintiff's action for infringement. According to the timing that Plaintiff alleges in the Complaint, construction commenced prior to registration of the copyright; therefore, Plaintiff is not entitled to statutory damages or attorneys' fees. Lastly, Plaintiff essentially admits in its Response that it is not entitled to punitive damages, and Plaintiff's claim for punitive damages should also be dismissed with prejudice.

---

[4] As established above, however, pursuant to 17 U.S.C. § 412, Plaintiff is not entitled to the statutory damages and attorneys' fees provided by 17 U.S.C. § 505. Specifically, section 412 states: "no award of statutory damages or of attorney's fees, as provided by **sections 504 and 505**, shall be made for . . . any infringement of copyright c**ommenced** after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (emphasis added).

Respectfully Submitted,

s/Lindsay B. Schenk
Robert J. Mendes, #17120 (bmendes@fbtlaw.com)
Lindsay B. Schenk, #29510 (lschenk@fbtlaw.com)
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550
615.251.5551 Fax
*Attorneys for Defendants Billy's Construction, Inc.
d/b/a Bill Mace Homes and Bill Mace, individually*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.01, it is hereby certified that service of a true and correct copy of the foregoing was made upon the following Filing Users through the Electronic Case Filing System on this the 25th day of April, 2014:

| | |
|---|---|
| David M. Lilenfeld, Esq. | Richard G. Sanders, Esq. |
| Sonia Fatima Lakhany, Esq. | Aaron & Sanders, PLLC |
| Lilenfeld PC | 11 Lea Avenue, Suite 606 |
| 2970 Peachtree Road, N.W., Suite 530 | Nashville, Tennessee 37210 |
| Atlanta, Georgia 30305 | rick@aaronsanderslaw.com |
| david @lilenfeldpc.com | *Counsel for Plaintiff Nason Homes, LLC* |
| sonia @lilenfeldpc.com | |
| *Counsel for Plaintiff Nason Homes, LLC* | |

It is hereby certified that service of a true and correct copy of the foregoing was made upon the following via first-class U.S. mail, postage-prepaid, on this the 25th day of April, 2014:

Mr. Kenneth Foote
602 Edinburgh Way
Clarksville, Tennessee 37043
*Pro-Se Defendant*

s/Lindsay B. Schenk
Lindsay B. Schenk