IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NASON HOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:14-cv-0566 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| BILLY'S CONSTRUCTION, INC. | ) | |
| d/b/a BILL MACE HOMES, BILL | ) | |
| MACE, individually, and KENNETH | ) | |
| FOOTE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Kenneth Foote's motion to dismiss (Docket Entry No. 23) to which the Plaintiff responded (Docket Entry No. 34). Defendant Foote's motion asserts that he lacked knowledge of the underlying conduct for which he is being sued. Plaintiff responds that Defendant Foote has offered no legal basis for dismissal, but concedes that Defendant Foote's filing should be treated as an Answer to the Complaint, denying all allegations.

On February 24, 2014, Plaintiff filed this action alleging copyright infringement and contributory copyright infringement. (Docket Entry No. 1). Plaintiff served Defendant Foote with the summons and complaint on March 12, 2014. (Docket Entry No. 12). Defendant Foote did not file an answer or otherwise respond. Plaintiff moved for entry of default (Docket Entry No. 17) but the motion was denied for failure to file a necessary affidavit. (Docket Entry No. 22). Defendant Foote made his first appearance in his motion to dismiss. (Docket Entry No. 23).

For a motion to dismiss, the pleading standard requires factual allegations that "raise a right

1

to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements ... Factual allegations must be enough to raise a right to relief above the speculative level." Id. On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiff, with all reasonable inferences in the Plaintiff's favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

Pro se pleadings are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), but "this lenient treatment has limits." Frengler v. General Motors, 482 Fed. Appx. 975, 977 (6th Cir. 2012) (quoting Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "it is not within the purview of the district court to conjure up claims never presented." Id. at 4 (discussing in the context of a pro se complaint).

Defendant Foote's motion does not provide any legal basis for dismissal of the complaint, instead relying on a number of unsworn facts. While Defendant Foote requests relief in the form of dismissal, he does not allude to any of the defenses enumerated under Federal Rule of Civil Procedure 12(b). The unsworn facts could support Defendant Foote's case, but upon a motion to dismiss, the Court can only examine the complaint and attachments thereto. Brown v. Matauszak, 415 Fed. Appx. 608, 612 (6th Cir. 2011) ("though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, **the complaint must still contain** "enough facts to state a claim to relief that is plausible on its face.") (quoting Twombly, 550 U.S. at 570) (emphasis added)).The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Armengau v. Cline, 7 Fed Appx. 336, 344 (6th

2

Cir. 2001). "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. Id. (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

After review, the Court concludes that Defendant Foote's motion fails to provide sufficient argument to warrant dismissal Defendant Foote from this action. As Plaintiff concedes, however, "Foote's letter ... denies all of the allegations of Nason Home's Complaint" (Docket Entry No. 34, at 2). Because "Nason Homes is willing to treat the letter as an Answer denying all allegations of the Complaint," id., the Court permits the parties to treat the filing as such.

For these reasons, the Court concludes that Defendant's motion to dismiss should be denied.

It is so **ORDERED**.

**ENTERED** this the 13th day of May, 2014.

                            William J. Haynes, Jr.
                            Chief United States District Judge

3

Case 3:14-cv-00566   Document 37   Filed 05/13/14   Page 3 of 3 PageID #: 273