UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:14-cv-0566 |
| | ) Chief Judge Haynes |
| v. | ) |
| | ) |
| BILLY'S CONSTRUCTION, INC. | ) |
| d/b/a BILL MACE HOMES, BILL | ) |
| MACE, individually, and KENNETH | ) |
| FOOTE, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Nason Homes, LLC, filed this action against the Defendants, Billy's Construction, Inc. d/b/a Bill Mace Homes ("Mace Homes"), Bill Mace ("Mace"), and Kenneth Foote ("Foote"). Plaintiff asserts claims for copyright infringement, contributory copyright infringement, and for injunctive relief under the Copyright Act.

Plaintiff's claims arise out of the alleged wrongdoing by Defendants concerning a house plan that was designed for Plaintiff by a third party. Plaintiff contends that Defendant Foote procured a house plan to which Plaintiff owns the copyright and provided that plan to Defendants Mace Homes and Mace. Thereafter, Defendants Mace Homes and Mace allegedly infringed on Plaintiff's copyright by building a house using Plaintiff's copyrighted plan. In earlier proceedings, the Court denied Defendant Foote's motion to dismiss. (Docket Entry No. 37).

Before the Court are Defendants Mace Homes and Mace's motion to dismiss and reply (Docket Entry Nos. 13 and 26) asserting the affirmative defense of "fraud on the Copyright Office," arguing against attorney's fees and punitive damages, and alleging that Plaintiff's response was

untimely. Plaintiff's response and sur-reply (Docket Entry Nos. 21 and 31) argue that: Plaintiff has stated a claim for relief, the affirmative defense should not be argued in a motion to dismiss, fees and damages are too fact-intensive to be argued in a motion to dismiss, and that the response was timely.

### A. Analysis of the Complaint

Nason is a residential home construction company that builds homes in Georgia and Tennessee. (Docket Entry No. 1, Complaint, at ¶ 1). In 2012, Nason hired John Hemlick, an architect, to design a number of residential homes for Nason to build, including The Alder. Id. at ¶ 16. Hemlick, after designing The Alder, assigned his copyright in the design to Nason. Id. at ¶ 17. Nason owns a U.S. Copyright, Registration No. VA0001888774, covering The Alder ("Alder Plan"). Id. at ¶ 18.

Defendants Mace Homes and Mace built a house located at 3168 Porter Hills Drive, Clarksville, TN. Id. at ¶ 19. Plaintiff alleges that the 3168 Porter Hills Drive house ("3168 Porter") is a "knock off" of the Alder Plan that is "virtually an exact replica of the Alder Plan." Id. at ¶¶ 19, 23. Plaintiff asserts that Defendant Foote copied the Alder Plan and gave it to Defendants Mace Homes and Mace to use to build 3168 Porter. Id. at ¶ 21. Plaintiff notes two "immaterial difference[s]" between the Alder Plan and 3168 Porter: (1) the Alder Plan calls for some vaulted ceilings, while the 3168 Porter ceilings are flat, and (2) the Alder Plan calls for 8/12 pitch from front to back, and 10/12 pitch on the sides, while 3168 Porter is 8/12 pitch all the way around. Id. at ¶¶ 25-26.

In addition, Plaintiff alleges that Defendant Foote promised Defendants Mace Homes and Mace that he would find a buyer for 3168 Porter, and Defendant Foote eventually listed that house for sale. Id. at ¶¶ 22 and 27.

2

## B. Conclusions of Law

For a Rule 12(b)(6) motion to dismiss, the Court must deny the motion if the complaint's factual allegations "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). As to the merits of the Plaintiff's motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences ... and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Tam Travel, Inc. v. Delta Airlines, Inc., 583 F.3d 896, 903 (6th Cir. 2009) (citations and quotation marks omitted).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 555, 557). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b) (6)." Armengau v. Cline, 7 Fed. App'x 336, 344 (6th Cir. 2001). "If referred to in a complaint and central

to the claim, documents attached to a motion to dismiss form part of the pleadings. Id. (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (emphasis added). The Supreme Court also laid out the underlying principles of this analysis:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice....
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not "show[n]"– "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 678–79 (emphasis added). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable

legal theory.'" Lillard v. Shelby Bd. of Edu., 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

To state a claim of copyright infringement, a plaintiff must allege: (1) that he had ownership of a valid copyright, and (2) that another person copied a protected interest in the work. Coles v. Wonder, 283 F.3d 798, 801 (6th Cir. 2002). "While copyright protection dates from the time that an artist creates an original work that may be copyrighted, such as a song, a cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act." Id. (citing 17 U.S.C. § 411(a)). Because the Sixth Circuit recognizes that direct evidence of copying is rare, a plaintiff can "establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." Ellis v. Diffie, 177 F.3d 503, 506 (6th Cir. 1999) (citations omitted).

Courts have found that an assertion of fraud on the copyright office is an affirmative defense to copyright infringement. See Varsity Brands, Inc. v. Star Athletica, LLC, No. 10-2508, 2014 WL 819422, at *9 n.5 (W.D. Tenn. March 1, 2014); see also Schenck v. Orosz, No. 3:13–CV–0294, 2013 WL 5963557, at *12 (M.D. Tenn. Nov. 7, 2013) (referring to "fraud on the Copyright Office" as an affirmative defense that might have been raised). Moreover,

> The burden is on the defendants to overcome the presumption of validity that attaches to the plaintiffs' copyrights. As many courts have observed, when a defendant alleges that defects in a copyright application should overcome the presumption of validity because of fraud on the Copyright Office, the defendant must show that "the application for copyright registration is factually inaccurate, that the inaccuracies were willful and deliberate, and that the Copyright Office relied on those misrepresentations." Jedson Engineering, Inc. v. Spirit Const. Servs. Inc., 720 F. Supp. 2d 904 (S.D. Ohio 2010). "[A]n innocent misstatement, or a clerical error, in the affidavit and certificate of registration, unaccompanied by fraud ..., does not invalidate the copyright, nor is it thereby rendered incapable of supporting an infringement action." Advisers, Inc. v. Wiesen–Hart, Inc., 238 F.3d 706, 708 (6th

Cir. 1956).

Schenck v. Orosz, 3:13-CV-0294, 2013 WL 5963557, at *12 (M.D. Tenn. Nov. 7, 2013).

Although styled as a "motion to dismiss" for "Plaintiff['s] fail[ure] to state a claim," (Docket Entry No. 14, at 1), Defendants Mace Homes and Mace argue the affirmative defense of "fraud on the Copyright Office." (Docket Entry No. 14, at 4). On a motion to dismiss, the Court only analyzes the Complaint to determine if it states a claim to relief that is "plausible on its face." Defendants Mace Homes and Mace do not challenge the plausibility of Plaintiff's actual allegations.

This affirmative defense would more appropriately be presented on a motion for summary judgment. Here, Defendants make a number of conclusory allegations in their motion, but fail to cite evidence to meet their burden. For example, Defendants assert: "The allegations in the Complaint demonstrate that Plaintiff willfully and deliberately misrepresented its ownership when it identified itself as copyright claimant." (Docket Entry No. 14, at 5). Defendants, however, lack factual support for these assertions. Upon summary judgment, Defendants could present evidence to support their affirmative defense. Yet, Defendants' motion to dismiss, without evidence, is limited to the allegations in the Complaint. As such, the Court denies Defendants Mace Homes and Mace's motion to dismiss Count I of the Complaint.

As to Defendants Mace Homes and Mace's request to dismiss Plaintiff's requests for statutory damages, attorney's fees, and punitive damages, these determinations are fact-based inquiries and are inappropriate for a motion to dismiss. The defendants may renew this request after discovery.

For these reasons, the Court concludes that Defendants Mace Homes and Mace's motion to dismiss should be denied.

An appropriate order is filed herewith.

**ENTERED** this the 20th day of May, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court