IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-cv-00566 |
| v. ) | MAGISTRATE JUDGE KNOWLES |
| ) | JUDGE SHARP |
| BILLY'S CONSTRUCTION, INC. ) | |
| d/b/a BILL MACE HOMES, BILL ) | |
| MACE, individually, and KENNETH ) | |
| FOOTE, individually. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendants Billy's Construction, Inc. d/b/a/ Bill Mace Homes and Bill Mace (collectively, "Defendants") submit this response in opposition to Plaintiff Nason Homes, LLC's ("Plaintiff") motion for summary judgment as to Defendants (Docket No. 109). Material facts relied upon by Plaintiff in the Motion are genuinely disputed by Defendants, as set forth in the *Declaration of Bill Mace* filed contemporaneously herewith, and as further set forth in response to the statement of facts below.

**SUMMARY OF POSITION**

Plaintiff contends that Defendants built a house based upon a floorplan copyrighted by Plaintiff. Plaintiff cites the similarity of the houses and the alleged possession by Defendants of the copyrighted floorplan. However, Defendants dispute these claims. First, Defendants assert that the houses in question are not similar. The roofs, ceilings, wall placement, square footages, layouts, and other material designs are substantially different. Any similarity is a result of commonly accepted building practices and standard, generic designs within the industry. Second, Defendants were never in the possession of, or aware of, the copyrighted floorplan when

it constructed the house in question. The house built by Defendants was a unique build based on Defendants' design preferences. Defendants therefore cannot be in violation of any copyright infringement laws.

## STATEMENT OF GENUINELY DISPUTED MATERIAL FACTS

Defendants respond to Plaintiff's statement of facts by referencing the declaration of Bill Mace filed contemporaneously herewith.

1. Nason Homes is a residential home construction company which has developed a reputation in Georgia and Tennessee for construction excellence. Exhibit 1, Declaration of Stuart Beattie at ¶ 3.

**RESPONSE: Undisputed for the purpose of ruling on the motion for summary judgment only.**

2. Nason Homes is the owner, by assignment, of the copyright in a floor plan called the Alder Plan. Exhibits 2, 3.

**RESPONSE: Disputed. Defendants assert that pursuant to Federal Rule of Civil Procedure 56(d), they must be able to conduct discovery concerning whether The Alder Plan is original. "The *sine qua non* of copyright is originality." *Feist Publ'n Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). In the context of copyright law, originality only means "that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* Defendants assert that discovery is necessary with the original author (Builders Plan Service, Inc. and John Hemlick) to determine whether The Alder Plan is entitled to copyright protection. Accordingly, Defendants request that in the**

**alternative to denial of the motion for summary judgment, that Defendants be permitted to conduct discovery on this issue.**

3. The *nunc pro tunc* assignment demonstrates that Nason Homes was the owner of all right, title and interest in The Alder design as of January 31, 2012.

**RESPONSE: Disputed.** *See* **response to Statement of Fact No. 2.**

4. In January 2014, Nason Homes discovered that Defendant Billy's Construction, Inc. d/b/a Bill Mace Homes ("Mace Homes") were in the process of building a house, which would, upon completion, infringe Nason Homes' copyright in the Adler Plan (the "Infringing House"). Exhibit 1 at ¶ 4,5.

**RESPONSE: Undisputed for the purpose of ruling on the motion for summary judgment only.**

5. The Infringing House is virtually an exact replica of The Adler Plan. Exhibit 1 at ¶ 9-12.

**RESPONSE: Disputed as follows:**

**A. The Bill Mace House (referring to the alleged "Infringing House") is not "virtually an exact replica of the Alder Plan." The Bill Mace House has many distinguishing factors, to include (i) the placement and dimensions of walls and load bearing structures, (ii) the angles and heights of the roof and ceiling, (iii) the number and placement of windows, (iv) size and number of rooms, (v) layouts of rooms, and (vi) square footage. These differences are material, and directly affect the appeal, marketability, and cost of the Bill Mace House. In short, the Bill Mace House layout is unique and distinguishable from The Alder floorplan, and must be considered an independently designed house.** *See* **Declaration of Bill Mace ¶ 9.**

3

        **B.      The Bill Mace House used entirely different designs, materials, color schemes, and other influences that further make it an independently constructed house bearing little relation to the Alder Plan house.  *See* Declaration of Bill Mace, ¶ 10.**

        **C.      Despite the allegations contained in paragraph 24 of the Complaint, the Bill Mace House did not stray from customary norms used in connection with other homes built in Tennessee.  It is very common for Tennessee homes to use gas fireplace, particularly because of their ease of use and clean burning.  In fact, 90% of the houses Mr. Mace and Bill Mace Homes have built in the last five years have contained gas fireplaces.  *See* Declaration of Bill Mace, ¶ 11.**

        **D.      Despite the allegations contained in paragraph 26 of the Complaint, the Bill Mace House does not contain a construction error.  The pitch of the roofline was by design to provide the best quality construction, and is commonly accepted within the industry.  Almost all the houses Mr. Mace and Bill Mace Homes have built have an identical roof pitch.  This further demonstrates the independence of the Bill Mace House.  *See* Declaration of Bill Mace, ¶ 12.**

        **E.      As a contractor and builder, Mr. Mace and Bill Mace Homes have never built a house based on The Alder floorplan.  *See* Declaration of Bill Mace, ¶ 7.**

        **F.      The houses Mr. Mace and Bill Mace Homes build share some insubstantial, insignificant, and immaterial similarities with other houses, to include the Alder Plan house; however, are all unique unless I have the legal right to duplicate the floorplan.  *See* Declaration of Bill Mace, ¶ 8.**

      6.      There are only two differences between Nason Home's copyrighted Alder Plan and the Infringing Home. First, the Alder Plan calls for some vaulted ceilings, while those

4

ceilings in the Infringing House are flat. Exhibit 1 at 11. Second, the Alder Plan calls for a roof with 8/12 pitch roof from the front to the back and 10/12-pitch on the sides, whereas the Infringing House was built with 8/12-pitch all the way around. *Id.*

**RESPONSE:** *See* **Response to Statement of Fact No. 7, which is incorporated as if fully set forth herein.**

7. Defendants Mace Homes and Bill Mace built the house at the encouragement of Defendant Kenny Foote. Dkt. No. 49 at ¶ 41.

**RESPONSE: Disputed.** *See* **Declaration of Bill Mace, ¶ 14.**

8. The floor plan for the Infringing House is not among those that appear on Defendant Mace Homes' website demonstrating that the Infringing House is not based on a typical Bill Mace design. Exhibit 4.

**RESPONSE: Disputed.** *See* **Declaration of Bill Mace, ¶ 15.**

9. Mace Homes, however, placed a picture of the Infringing House on their Facebook page. Exhibit 5.

**RESPONSE: Undisputed for the purpose of ruling on the motion for summary judgment only.**

10. Nason Homes provided a copy of the plans to Brittany Hopkins of Meybohm realty because Meybohm was selling homes on behalf of Nason Homes. Exhibit 1 at ¶ 6. Meybohm placed a copy of the Alder Plan on the Internet. Exhibit 1 at ¶¶ 6-7.

**RESPONSE: Disputed.** *See* **Declaration of Bill Mace, ¶ 16.**

11. Foote had asked another realtor for a copy of the Alder Plan but was refused. Exhibit 1 at ¶ 8.

5

**RESPONSE: Undisputed for the purpose of ruling on the motion for summary judgment only.**

12. Nason Homes directed Meybohm to remove the Alder Plan from the Internet after he discovered Defendants' infringement and confirmed that they have been taken down. Exhibit 1 at ¶ 7.

**RESPONSE: Disputed. *See* Declaration of Bill Mace, ¶ 16.**

13. Defendant Kenneth Foote had access to the Alder Plan through the Meybohm Realtors website. Exhibit 1 at ¶ 6-7.

**RESPONSE: Disputed. *See* Declaration of Bill Mace, ¶ 16.**

14. Defendants Mace Homes and Bill Mace had access to the plans through Defendant Foote whom they admit asked them to build the Infringing House. Dkt. No. 49 at ¶ 41.

**RESPONSE: Disputed as follows:**

**A. At all times relevant, Bill Mace and Bill Mace Homes was entirely unaware of (i) the purported copyrighted floor plan known as the Alder Plan, and (ii) any engagement between Plaintiff Nason Homes, LLC and any third party to devise the Alder Plan. *See* Declaration of Bill Mace, ¶ 4.**

**B. The house located at 3168 Porter Hills Drive, Clarksville, Tennessee (the "Bill Mace Homes House") (referred to in the pleadings and Plaintiff's motion for summary judgment as the "Infringing House") is not a "knock off" as Plaintiff alleges. Neither Bill Mace nor Bill Mace Homes were ever in possession of the "The Alder" floorplan referenced in paragraph 16 of Complaint. *See* Declaration of Bill Mace, ¶ 5.**

**C. The allegation in paragraph 21 of the Complaint that Defendant**

6

**Kenneth Foote gave The Alder floorplan to Bill Mace Homes or Bill Mace, and then used it to build a knock-off house, is completely false. As stated above, neither Mr. Foote nor anyone else provided Bill Mace or Bill Mace Homes with any floorplan, drawing, or sketch of the Alder Plan when the Bill Mace House was built.** *See* **Declaration of Bill Mace, ¶ 6.**

**D.     Bill Mace and Bill Mace Homes have never built a house based in whole or in part on The Alder floorplan. The Bill Mace House layout is not substantially similar, in whole or in part, to the Alder layout.** *See* **Declaration of Bill Mace, ¶ 7.**

**E.     The houses Bill Mace and Mace Homes builds share some insubstantial, insignificant, and immaterial similarities with every other house, to include the Alder Plan house. For example, my houses have windows, doors, walls, fireplaces, and many other construction materials that are common to every other house. However, every house I build is unique and its layouts are never taken from copyrighted work. Specifically, the arrangement and placement of items are independent of everyone else's work. My houses are based on the designs that I devise and see as marketable in my experiences as a builder.** *See* **Declaration of Bill Mace, ¶ 8.**

## LAW AND ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A "genuine" issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

7

The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. In deciding a motion for summary judgment, the Court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586.

### B. Copyright Infringement – 17 U.S.C. § 501(b)

Controlling law sets forth the requirements for a plaintiff to prevail on a claim of copyright infringement. The plaintiff must show (1) his ownership of a valid copyright, and (2) copying by the Defendants of protectable expression. *See Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094 (6th Cir. 1984). For purposes of the summary judgment motion only, the first element is not at issue and may be deemed satisfied. In order to prevail on its summary judgment motion, Plaintiff must prove that there is no genuine issue of material fact with respect to whether Defendants copied Plaintiff's protectable expression. *Budish v. Gordon*, 784 F. Supp. 1320, 1332 (N.D. Ohio 1992). Defendants assert, through the declaration of Bill Mace, that they did not copy any protectable expression.

Plaintiff may prove copying by demonstrating that Defendants took its protected expression verbatim. *Id*. Plaintiff concedes this did not occur here, noting the differences between the two houses (e.g., roof pitch, ceilings, etc.) Plaintiff may also show that the Defendants had access to its work and that they produced a work which is substantially similar to his. *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984).

8

Case 3:14-cv-00566   Document 118   Filed 04/28/15   Page 8 of 12 PageID #: 500

i.  *Access*

Access "is essentially hearing or having a reasonable opportunity to hear the plaintiff[s'] work and thus having the opportunity to copy" and "may not be inferred through mere speculation or conjecture." *Id*. (quotations omitted).  Defendants dispute that they had any access to the Alder Plan.  Plaintiff speculates that (i) this information became available through Kenneth Foote, and (ii) that Mr. Mace had access because Plaintiff was building homes in the area.  *See* Motion for Summary Judgment, at p. 5.  First, the declaration submitted by Plaintiff does not include these allegations.  To the extent that these allegations are included as a material fact (which the fact that Plaintiff was building homes in the area is not included by Plaintiff as a material fact), it is genuinely disputed by Defendants in the declaration of Bill Mace.  Second, Plaintiff has no personal knowledge of whether Mr. Foote informed Defendants of anything, and therefore such facts are inadmissible for purposes of summary judgment pursuant to Fed. R. Civ. Pro. 56(c)(2).  In conclusion, the declaration of Bill Mace unequivocally denies that he or Bill Mace Homes ever had any access to the Alder Plan.  The lack of a showing of access, when considering the declaration of Bill Mace, militates against granting summary judgment.

ii.  *Substantial Similarity*

The "substantial similarity" analysis first requires a filtering of the unprotectable aspects of the protected work, then asks whether an "ordinary observer" would perceive the original and the alleged copy as substantially similar. *See Kohus v. Mariol*, 328 F.3d 848, 855-57 (6th Cir. 2003). Once a plaintiff establishes access and substantial similarity, the defendant may rebut the presumption of copying by showing independent creation of the allegedly infringing work. *Ellis*, 177 F.3d at 507; *see also Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). Lastly, even without proof of access, a plaintiff still may prevail by showing a

9

"striking similarity [between the works], precluding all possible conclusion but that the work was copied." *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 325 (6th Cir. 2004); *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348, 352 (6th Cir. 2004).

The motion for summary judgment does not establish substantial similarity between the Alder floorplan and the Bill Mace House. The alleged copyrighted material is the floorplan. However, Plaintiff does not produce proof of specifications or dimensions that the Bill Mace House was built substantially similar to those contained in the Alder Plan. Specifically, Plaintiff does not show any pictures of the interior of the Bill Mace House, and the exterior pictures reveal clear differences between the two houses. Thus, there is no evidence that there are substantially similar dimensions, layouts, ceiling heights, structure placements, and other allegedly protected features of the Alder design. Plaintiff shows pictures of each and asks the Court to give it judgment despite not providing sufficient details about the Bill Mace House as a finished product. As a threshold matter, a comparison of the houses reveals that there are substantial differences. Further, considering the laundry list of differences between the houses, and further considering the declaration of Bill Mace that each house he builds is unique, the Court should determine that a material fact (i.e., substantial similarity) is genuinely in dispute.

In addition to the foregoing, Defendants assert under oath that they have never built a house using the Alder Plan. Defendants will not reinsert the material facts in dispute that are set forth above; however, such facts identifying the dissimilarities and Defendants' unique approach to each home are incorporated herein.

**C. Damages**

In the summary judgment motion, Plaintiff seeks only statutory damages, to include attorney fees. Binding case law demonstrates that statutory damages are not recoverable in this

10

case. Plaintiff admits that it did not register its copyright until January 23, 2014. *See* Exhibit B to Complaint. Defendants have averred that it began construction on the Bill Mace House (the alleged "Infringing House") on December 3, 2013, and that Plaintiff was aware of the alleged infringements prior to January 23, 2014. This is dispositive. "[N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for…(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. " 17 U.S.C. § 412(b). This statute has been interpreted to preclude statutory damages and attorney fees when the alleged infringement occurred prior to registration. *Robert R. Jones Associates, Inc. v. Nino Homes,* 858 F.2d 274 (6th Cir. 1988); *see also Great Southern Homes, Inc. v. Johnson & Thompson Realtors*, 797 F. Supp. 609, 612 (M.D. Tenn. 1992) (granting summary judgment in favor of Defendants on issue of statutory damages and attorney fees). Accordingly, Plaintiff cannot prevail on an award of statutory damages, which include attorney fees and any other damages arising from statute.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request the Court to deny Plaintiff's motion for summary judgment. The genuinely disputed material facts display the existence of a sufficient disagreement that require denial under Federal Rule of Civil Procedure 56.

DATED April 28, 2015.  Respectfully Submitted,

/s/ Griffin S. Dunham
Griffin S. Dunham
EMERGE LAW PLC
2021 Richard Jones Road, Suite 240
Nashville, Tennessee 37215
615.953.2682
615.953.2955 (fax)

griffin@emergelaw.net
*Counsel for Billy's Construction, Inc.*
*and Bill Mace, individually*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been served electronically to the parties consenting to ECF service in this case on the 28th day of April, 2015.

    /s/ Griffin S. Dunham
    Griffin S. Dunham

12

Case 3:14-cv-00566   Document 118   Filed 04/28/15   Page 12 of 12 PageID #: 504