UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:14-cv-566 |
| v. ) | Judge Sharp |
| ) | |
| BILLY'S CONSTRUCTION, INC., ) | |
| d/b/a BILL MACE HOMES, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Nason Homes, Inc. brings a claim for copyright infringement against Defendants Bill Mace and Billy's Construction, Inc. (also known as Bill Mace Homes). Plaintiff's Complaint ("Complaint") (Docket No. 1) alleges that Defendants used Plaintiff's copyright-protected architectural plan to build and sell a home in Clarksville, Tennessee. Plaintiff has filed a motion for summary judgment (Docket No. 109) against Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Court will deny Plaintiff's motion.

## BACKGROUND

The following facts are undisputed. Plaintiff is a construction company based in Georgia. In 2012, Plaintiff hired John Hemlick to design several residential houses for Plaintiff to build. One of those designs is known as the Alder Plan.

The Alder Plan is a detailed architectural drawing of a two-story home with five bedrooms. The house is 40 feet, four inches wide and 42 feet long, with a 12-foot-by-16-foot porch attached to the back of the house. Its roof, made of fiberglass shingles, is set at a 10/12

1

pitch on the sides and an 8/12 pitch on the front and back. The front of the house has a 20-foot-by-four-foot covered porch on one side and a two-car garage on the on the other.

The first floor consists of a dining room, a kitchen with a breakfast nook, a bedroom, a bathroom, and a family room with a vaulted ceiling. The second floor consists of a master bedroom, three smaller bedrooms, two bathrooms, and a walk-in closet. The two floors are connected by a two-story foyer with a staircase. The front of the house has two slim vertical windows on either side of a wooden door.

In 2012, Hemlick assigned to Plaintiff all of his copyrights in the Alder Plan. (See Docket No. 1, Ex. A.) Plaintiff now owns a valid copyright—under U.S. Copyright Registration No. VA0001888774—in the Alder Plan. (See Docket No. 1, Ex. B.) Plaintiff's copyright covers four variations on the Alder: the Alder A, the Alder B, the Alder C, and the Alder D. All four variations have identical dimensions and room layouts. They differ only with respect to the construction materials used for the front of the house. The Alder A uses shake siding and brick; the Alder B uses shake siding and stacked stone veneer; the Alder C uses shake siding and horizontal siding; and the Alder D uses brick veneer.

In 2013, Plaintiff gave a copy of the Alder plan to a realtor named Brittany Hopkins of Meybohm Realtors. Hopkins was selling Plaintiff's homes in Georgia at the time. Plaintiff soon learned that Meybohm had posted a copy of the Alder plan to its website. Plaintiff immediately requested Meybohm to remove the plan from the website, and Meybohm complied.

In November, 2013, Defendants obtained a copy of floor plans for a house at 3168 Porter Hills Drive, Clarksville, Tennessee. A month later, Defendants were granted a building permit for the house.

Plaintiff soon learned that the house being built on Porter Hills Drive was strikingly similar to the Alder D.  On Defendant's Facebook page, Plaintiff found an online photograph that showed the house under construction (Docket No. 109, Ex. 5).  (Beneath the online photo is a caption identifying the house as "12 Porter Hills.")  (Docket No. 109, Ex. 5.)  Plaintiff also took several photos of the house, including the interior of the first floor during construction (Docket No. 1, Ex. C), and the exterior of the finished house from the street (Docket No. 109-8).  These photographs show a two-story brick house with a two-car garage on one side of the first story and a narrow porch on the other side.  The front door stands between two narrow windows and the roof has an 8/12 pitch on all sides.

Plaintiff filed this suit on February 24, 2014.  Its complaint alleges that Defendants "infringed [Plaintiff's] copyright by building . . . almost an exact replica of the [Alder] plan." (Docket No. 1, p. 10.)

**LEGAL STANDARD**

Summary judgment is appropriate only when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A court's function at the summary-judgment stage is not "to weigh the evidence and determine the truth of the matter," but rather to "determine whether there is a genuine issue for trial."  Id. at 249.  A court must draw "all reasonable inferences in favor of the nonmoving party."  Shreve v. Franklin Cnty., Ohio, 743 F.3d 126, 132 (6th Cir. 2014).  See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

ANALYSIS

The Copyright Act protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). A copyright holder has certain exclusive rights to the work, including the right to reproduce the work. Id. at § 106.

To prevail on a copyright claim, a plaintiff must prove (1) that the plaintiff owns a valid copyright and (2) that the defendant copied original or protectable aspects of the copyrighted work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991); Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004). The second element requires the plaintiff to show "not only that the defendant actually copied the plaintiff's work, but also that the defendant's work is 'substantially similar' to protectable elements of the plaintiff's work." Strurdza v. United Arab Emirates, 281 F.3d 1287, 1295 (D.C. Cir. 2002).

**I. Ownership of a Valid Copyright**

There is no question about Plaintiff's ownership of the copyright in the Alder Plan. Plaintiff argues that it "own[s] . . . a valid copyright in the Alder Plan" by virtue of a certificate of registration (Docket No. 1, Ex. B) and the transfer of the copyright from Hemlick (Docket No. 1, Ex. A). (Docket No. 109-1, p. 4.)

The Court agrees. Plaintiff's registration certificate is prima facie evidence that it owns the copyright to the Alder Plan. Id. § 410(c); Monogram Models, Inc. v. Industro Motive Corp., 448 F.2d 284 (6th Cir. 1971). The certificate refers to "The Alder," designed by John Hemlick in 2012 and transferred to Plaintiff "[b]y written agreement." (Docket No. 1, Ex. B, p.1.) It

4

includes architectural drawings that show the Alder's dimensions, layout, and materials. The certificate covers the four variations of the Alder, including the Alder D.

Defendants offer no reason to doubt Plaintiff's ownership: they state that Plaintiff's ownership "is not at issue" and concede that they "do not . . . possess facts or documents to indicate that [Plaintiff's] Copyright registration is unenforceable." (Docket No. 118, p. 8; Docket No. 138, Ex. B, p. 2.) The first element of Plaintiff's infringement claim is satisfied.

**II. Copying**

The Court turns to the question of copying. To show that a work was copied, "a plaintiff must either introduce direct evidence of the defendant's copying or prove it indirectly." Bridgeport Music, Inc. v. UMG Recordings, Inc., 585 F.3d 267, 274 (6th Cir. 2009). Indirect proof of copying requires a showing that (1) the defendant had "access to the [protected] work," and (2) the allegedly-infringing work is "substantial[ly] similar[]" to the protected work. Kohus v. Mariol, 328 F.3d 848, 853 (6th Cir. 2003).

Plaintiff has offered indirect proof that Defendants copied the Alder Plan. According to Plaintiff, Defendants "built the Infringing House based on [a] copy of the Alder Plan." (Docket No. 109-1, p. 4.)

**A. Access**

A plaintiff shows that a defendant had access to a protected work by showing that there was "a reasonable opportunity for [the protected] work to have been available to [the] defendant." Martinez v. McGraw, 581 Fed. App'x 512, 514 (6th Cir. 2014). See also Jones v. Blige, 558 F.3d 485, 491 (6th Cir. 2009); Winfield Collection, Ltd. v. Gemmy Indus., Corp., 2005 WL 2077510, at *5 (6th Cir. 2005).

5

Defendants argue that they never had the Alder Plan when they built the house on Porter Hills Drive. In a declaration attached to Defendants' opposition brief, Bill Mace stated that "[n]either [he] nor Bill Mace Homes were ever in possession of 'The Alder' floorplan." (Docket No. 119, p. 1.) He also asserted that he was "unaware of . . . the Alder Plan," and that nobody "provided [him] with any floorplan, drawing, or sketch of the Alder Plan when [he] built" the house. (Docket No. 119, p. 2.)

Plaintiff disagrees, arguing that discovery has essentially proven that Defendants had access to the Alder Plan. In particular, Plaintiff points to Bill Mace's interrogatory responses from May 27, 2015, in which Mace admitted that he "obtained the floor plans and designs" for the house at 3168 Porter Hills Drive "from an individual framer . . . who was employed by Singletary Construction, LLC." (Docket No. 138, Ex. B, p. 2.) Mace also stated that he received those plans "in approximately November 2013, which was immediately prior to [Defendants] obtaining [their] permit to build" the house. (Docket No. 138, Ex. B, p. 2.) The design that the framer gave Mace, Plaintiff argues, is "an exact copy of the Alder Plan[.]" (Docket No. 138, p. 3.)

The court agrees with Plaintiff. Plaintiff's supplemental evidence includes a copy of Defendants' design for the house at 3168 Porter Hills Drive. That design appears to be a photocopy of the Alder Plan. The materials, dimensions, and room layout on Defendant's design are exactly the same as those on the Alder plan; the words "the Alder D" are even printed beneath a drawing of the house's exterior. In fact, there is only one difference between the Plaintiff's original drawings and Defendants' copy: the words "Lot 12 Porter Hills" are written by hand on the first page of Defendants' copy. (Docket No. 138-3, p. 2.)

6

Defendants had access to the Alder Plan: they had a "reasonable possibility to view" the Plan and the opportunity to build a home based on its design. Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp., 361 F.3d 312, 316 (6th Cir. 2004). This easily falls within the Sixth Circuit's definition of "access." Ellis v. Diffie, 177 F.3d 503, 506 (6th Cir. 1999) ("Access is proven when the plaintiff shows that the defendant had an opportunity to view or to copy plaintiff's work.").

### B. Substantial Similarity

The Sixth Circuit uses a two-part test to determine whether a defendant's work is "substantially similar" to the plaintiff's copyright-protectable work. Kohus, 328 F.3d at 855. The first step requires the Court to identify which aspects of the plaintiff's work are copyright-protectable; the second step asks the court to "determin[e] whether the allegedly infringing work is 'substantially similar'" to those copyright-protectable elements. Id. These steps are meant to "filter out the unoriginal, [unprotectable] elements . . . that were not independently created by the inventor, and that possess no minimal degree of creativity." Id.

#### 1. Protectable Elements of the Alder Plan

Plaintiff argues that the entire design of the Alder Plan is copyright-protectable. In particular, it contends that its copyright protects "the arrangement of the rooms, doors, windows, garage, and front and back porch" in the Alder Plan. (Docket No. 109-1.)

The Court agrees. Architectural plans, even those composed solely of standard features, can be copyright-protectable. 17 U.S.C. § 102(a)(8). Frank Betz Assocs., Inc. v. Signature Homes, Inc., 2010 WL 1373268, at *3 (M.D. Tenn. Mar. 29, 2010) ("[A]rchitectural works, as their own subject matter category under the Copyright Act, are unique."). The Copyright Act defines "architectural work" to include "the overall form" and "the arrangement and composition

7

of spaces and elements in the design." 17 U.S.C. § 101. Standard features, like windows and doors, are not protected. But the overall arrangement of those component parts can be protected. Dorchen/Martin Assocs., Inc. v. Brook of Boyne City, Inc., 2013 WL 5348627, at *7 (E.D. Mich. Sept. 24, 2013) ("[C]aselaw has consistently concluded that the overall form of architectural plans can be protected."). See also, e.g., Frank Betz, 2010 WL 137268, at *3 (finding that plaintiff's eleven architectural designs showed "original design elements in the way that their standard features are arranged"); Chirco v. Rosewood Vill. LLC, 2005 WL 4785609 (E.D. Mich. Mar. 22, 2005), report and recommendation adopted in part, rejected in part on other grounds, 2006 WL 2811266 (E.D. Mich. Sept. 28. 2006) ("[T]he originality of an architectural work lies not in the mere use of any individual feature or group of features, but in the manner in which those features are arranged.").

Contrary to Defendants' suggestion that the Alder Plan does not "possess[] . . . some minimal degree of creativity," the Alder Plan is an original work. (Docket No. 118, p. 2.) The Alder has a distinctive arrangement of bedrooms, interior walls, bathrooms, windows, and doors, among other standard design elements. Taken as a whole, that arrangement is copyright-protectable. See Design Basics, L.L.C. v. DeShano Cos., Inc., 2012 WL 4321313, at *7 (E.D. Mich. Sept. 21, 2012) (finding that an architectural firm "created protectable work[] . . . through its combination of" standard features in a home design).

### 2. Substantial Similarity to Copyright-Protectable Elements of the Alder Plan

Plaintiff argues that Defendants' home is "an exact replica" of the Alder Plan. (Docket No. 109-1, p. 6.) Specifically, Plaintiff contends that Defendants' design uses the same distinctive arrangement of rooms, doors, windows, and walls. Plaintiff also points out that the outside of the houses look remarkably similar: the garage, porches, and front windows, Plaintiff

8

argues, are "*exactly* the same" as those in the Alder Plan. (Docket No. 128, p. 5 (emphasis in original)).

In response, Defendants argue that there are genuine disputes about the allegedly-infringing home. Defendants point out that Plaintiff has "not produce[d] proof of specifications or dimensions that [Defendants'] house was built" from the Alder Plan. (Docket No. 118, p. 10.) Defendants also note that that Plaintiff has offered "no evidence [of] substantially similar dimensions, layouts, ceiling heights, structure placements, and other allegedly protected features" in Defendants' home. (Docket No. 118, p. 10.) As a result, Defendants continue, Plaintiff's motion has "not establish[ed] substantial similarity between the Alder floorplan and [Defendants'] house." (Docket No. 118, p. 10.)

The Court agrees with Defendants. The Alder Plan is copyright protected with respect to its overall form—its distinctive arrangement of standard features that, taken as a whole, make up an original architectural work. See, e.g., Design Basics, 2012 WL 4321313, at *6. To prove copyright infringement, Plaintiff would have to show that the design of Defendants' home—taken "as a whole"—was substantially similar to the "overall form" of the Alder Plan. Dorchen/Martin Assocs., 2013 WL 5348627, at *7.

Plaintiff has failed to do so. The record contains almost nothing to show that the specific layout of Defendant's home is similar to the Alder Plan. There are no drawings, photographs, or measurements of the floorplan itself. In fact, only one affidavit mentions the interior of Defendant's home at all: the last paragraph of Stuart Beattie's affidavit states that "the rooms of the Infringing House have the same dimensions as those called for in the Alder Plan." (Docket No. 109, Ex. 1, p. 3.) Without describing the dimensions in Defendants house in any detail, Beattie's statement is not enough to meet the summary-judgment standard. See, e.g., Sigmon v.

9

Appalachian Coal Props., Inc., 400 F. App'x 43, 48–49 (6th Cir. 2010) (finding that courts should discard affidavits offered in support of summary judgment when they consist of "conclusory allegations and naked conclusions of law"); Taylor Acquisitions, L.L.C. v. City of Taylor, 313 F. App'x 826, 835 (6th Cir. 2009) (conclusory statements without specific facts will not satisfy the summary-judgment standard).

Plaintiff's photographs face a similar problem: none show the finished home's interior.[1] And although the exterior photographs suggest broad similarities between the two homes—the general shape of the buildings, the placement of the porches, and the style of roof—these photographs show similarity only in the use of individual features, not in the design "as a whole." See Design Basics, L.L.C. v. DeShano Cos., Inc., 2012 WL 4321313, at *6 (E.D. Mich. Sept. 21, 2012). As Defendants put it, Plaintiff has simply "show[n] pictures of each [house] and ask[ed] the Court to" order summary judgment. (Docket No. 118, p. 10.)

Moreover, Defendants dispute all of Plaintiff's assertions about the design of Defendants' home. In his Declaration, Bill Mace said that the home was different with respect to "(i) the placement and dimensions of walls and load bearing structures, (ii) the angles and heights of the roof and ceiling, (iii) the number and placement of windows, (iv) [the] size and number of rooms, (v) [the] layouts of rooms, and (vi) square footage." (Docket No. 119, p. 2.) Defendants also argue that although their houses include standard features like "windows, doors, walls, and fireplaces," the overall design of each house "is unique." (Docket No. 118, p. 7.) Clearly, there remains "sufficient disagreement" on the question of whether the Defendant's designed used any

---

[1] Plaintiff submitted four photographs of the interior of the house during construction. These interior photographs reveal almost nothing about the layout of the house or its dimensions: they show bare support beams, concrete floors, and unfinished walls and ceilings. As a result, they do not help answer the question of whether the design of Defendant's finished home is substantially similar to the Alder Plan. (Docket 1, Ex. C, pp. 4–8.)

of the protected elements of the Alder Plan.  Anderson v. Liberty Lobby, 477 U.S. 242, 251–52 (1986); Street v. J.C. Bradford & Co. , 886 F.2d 1472, 1479 (6th Cir. 1989).

In all, Plaintiff has failed to show that "there is no issue requiring a trial" with respect to similarities between the two homes.  14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 2725 (3d ed. 1998) ("[I]t frequently is stated that summary judgment should be entered only when the showing that has been made would permit [judgment as a matter of law] if the case were at trial.").  The Alder's copyright protects its design "as a whole;" the Court cannot determine that Defendants infringed on the Alder's copyright without seeing the "whole" arrangement of rooms, walls, and other features in Defendant's home.  Design Basics, 2012 WL 4321313, at *6.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment.  An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE
11