IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY'S CONSTRUCTION, INC.<br>d/b/a BILL MACE HOMES, BILL MACE,<br>individually and KENNETH FOOTE,<br>individually,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 3:14-cv-0566<br>CHIEF JUDGE HAYNES |

## PLAINTIFF'S TRIAL BRIEF ON DAMAGES

Pursuant to this Court's Order (Dkt. No. 149), Plaintiff Nason Homes, LLC submits this Brief regarding the types of damages recoverable and detailed account of requested damages.

The Copyright Act provides that a plaintiff may elect to recover either statutory damages or the plaintiff's actual damages and any additional profits of the defendants at any time prior to final decision in the case. 17 U.S.C. § 504. Nason Homes may elect which type of damages to recover "at any time before final judgement is rendered." 17 U.S.C. §504(c)(1).

If statutory damages are elected, the copyright owner is entitled to a "sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the defendant's infringement was willful, then "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

If Nason Homes elects to receive statutory damages it will seek $30,000 enhanced to the maximum of $150,000.00 for each Defendants' willful infringement. "District courts have wide discretion in setting damages within the statutory range set forth in § 504(c)(1)." *Disney*

*Enterprises v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006) (citing *Cross Keys Pub. Co., Inc. v. Wee, Inc.,* 921 F.Supp. 479, 481 (W.D.Mich.1995)); *see also Zomba Enterprises, Inc. v. Panorama Records, Inc.,* 491 F.3d 574 (6th Cir. 2007). Courts consider a number of factors in determining the proper measure of statutory damages including:

    (1) the goal of discouraging wrongful conduct;

    (2) the expenses saved and profits reaped by the defendants;

    (3) the profits lost by plaintiff; and

    (4) whether the infringement was willful.

Court's have noted that "[m]erely awarding statutory damages in the amount of the profits from a copyright infringement would do little to discourage infringers and it would not be an effective sanction for enforcement of the copyright policy. *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006) (internal quotation marks omitted) (citing *Cross Keys Pub. Co., Inc. v. Wee, Inc.,* 921 F. Supp. 479, 481 (W.D. Mich. 1995).

    Here an award of the maximum statutory damages is appropriate given the large profits reaped by Defendants, the loss to Nason Homes and the willful nature of Defendants' infringement. Defendant knowing copied a residential floor plan he knew was owned by Nason Homes.

    If Nason Homes elects actual damages it will seek lost profits in the amount of $56,000.00 and $250,000.00 as Defendants' profits as well as prejudgment and postjudgment interest. Nason Homes may recover "any profits of the infringer that are attributable to the infringement." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 483 (6th Cir. 2007) (internal quotation marks and citations omitted). In showing Defendants profits, Nason Homes is must only prove Defendants' gross profit. *Id.* The burden is on Defendants to prove any

deductible expenses and if any elements of its profit can be attributable to factors other than the copyrighted work. *Id.*

The jury determines the amount of actual damages and the Defendants' profits. *See e.g., Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 483 (6th Cir. 2007). Statutory damages are determined by the Court, or if requested by either party, the jury. *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1085 (S.D. Ohio 2003) (citing *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998)). Here, Nason Homes requests that the question of statutory damages go to the jury. Nason Homes also seeks an injunction against further infringement by Defendants. Pursuant to 17 U.S.C. §502(a), the Court may gran an injunction on "such terms as it may deem reasonable to prevent or restrain infringement of a copyright." While the granting of an injunction is within the Court's discretion, courts "have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists." *Disney Enterprises v. Farmer,* 427 F. Supp. 807, 818 (E.D. Tenn. 2006). As the Sixth Circuit has found, "[i]t is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 492 (6th Cir. 2007) (*quoting* Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.06 [B] (2007)).

Nason Homes also seeks its attorneys' fees and costs pursuant to 17 U.S.C. § 505. The issue of whether to award costs and attorneys' fees to the prevailing party in a copyright case is within the Court's discretion. *See e.g., Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534, 114 S.C.t. 1023 (1994). "The grant of fees and costs is the rule rather than the exception and they should be awarded routinely." *Bridgeport Music, Inc. v. WB Music Corp.,* 520 F.3d 588, 592 (6th Cir.

2008) (internal quotation marks and citations omitted); *see also, Basley v. LFP, Inc.* 691 F.3d 747, 773 (6th Cir. 2012).

The "prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." 4 Nimmer on Copyright § 14.10[B]. "The discretion to grant attorney fees in copyright infringement cases is to be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act." *Bridgeport Music v. Diamond Time*, 371 F.3d 883, 892 (6th Cir. 2004). The Sixth Circuit uses four non-exclusive factors to determine whether to award attorney's fees in a copyright action: "frivolousness of the claim, motivation, reasonableness, and deterrence." *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir.2002) (citing *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). Here, each of the factors supports an award of attorneys' fees.

Respectfully submitted this 25th day of November, 2015.

**AARON & SANDERS, PLLC**

Richard G. Sanders, Tenn. BPR No. 23875
810 Dominican Drive, Suite 208
Nashville, TN 37228
(615) 734-1188
Fax: (615) 250-9807
rick@aaronsanderslaw.com

**LILENFELD PC**

*/s/ Robin L. Gentry*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Attorneys for Plaintiff

2970 Peachtree Road, N.W., Suite 530
Atlanta, Georgia  30305
(404) 201-2520 - telephone
(404) 393-9710 - facsimile
David@LilenfeldPC.com
Robin@LilenfeldPC.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASON HOMES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY'S CONSTRUCTION, INC.<br>d/b/a BILL MACE HOMES, BILL MACE,<br>individually and KENNETH FOOTE,<br>individually,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 3:14-cv-0566<br>CHIEF JUDGE HAYNES |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading, on the date stated below, was filed with the Clerk of Court using the CM/ECF system and I mailed a true and exact copy of the foregoing pleading with first class mail, postage pre-paid to:

Griffin S. Dunham, Esq.
Emerge Law PLC
2021 Richard Jones Road, Suite 240
Nashville, TN 37215
griffin@emergelaw.net

Kenneth Foote
c/o Remax
1919 Tiny Town Road
Suite 200 or Suite 2
Clarksville, TN 37042

Dated: November 25, 2015.

>  */s/ Robin L. Gentry*
>  *Attorney for Plaintiff*